Vincent P. Hurley #111215
Ryan M. Thompson #292281
LAW OFFICES OF VINCENT P. HURLEY
A Professional Corporation
28 Seascape Village
Aptos, California 95003
Telephone:  (831) 661-4800
Facsimile:  (831) 661-4804

Attorneys for Plaintiff
DOE, a minor, by and through his
Guardian Ad Litem, FELIPE RODRIGUEZ

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DOE, a minor, by and through Minor's Guardian Ad Litem, FELIPE RODRIGUEZ, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF SAN MATEO, a public entity; LARRY SILVER, in his individual and official capacities; and DOES 1 through 50, jointly and severally, <br><br> Defendants. | Case No. 15-5496 <br><br> COMPLAINT <br><br> DEMAND FOR JURY TRIAL |

Plaintiff, DOE, by and through his Guardian ad Litem, for his Complaint against Defendants, COUNTY OF SAN MATEO (hereafter sometimes referred to as "County"), LARRY SILVER (hereafter sometimes referred to as "Silver"), and DOES 1-50, states as follows:

**INTRODUCTION**

1. This is a civil rights action against County and Silver arising from the Defendants' failure to provide safety and security to Plaintiff while in custody; from Defendants' deliberate indifference to Plaintiff's constitutional rights to due process and liberty; from Defendants' deliberate indifference to the standards set forth in the Prison Rape Elimination Act

1

1  ("PREA"), the California Corrections Standards, and to the special relationship between Defendant County of San Mateo and this minor Plaintiff; and from damages arising from two separate and distinct beatings and sexual assaults that occurred on or about December 3, 2014 and December 5, 2014, respectively, while Plaintiff was in County and Silver's custody and under their control.

2. Such injuries were proximately caused by Defendants' deliberate indifference to Plaintiffs' constitutional and statutory rights, namely, failure to adequately assess, house, supervise, protect, and/or care for Plaintiff.

3. This action seeks damages for violations of the civil rights, privileges, and immunities guaranteed by the Fourteenth Amendment of the United States Constitution, pursuant to 42 U.S.C. §§ 1983 and 1988.

## JURISDICTION

4. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343, and the aforementioned statutory and constitutional provisions.

5. The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

## VENUE

6. Plaintiff's claims arose in the County of San Mateo, State of California. Venue therefore lies in the Northern District of California pursuant to 28 U.S.C. §1391(b)(2).

## INTRADISTRICT ASSIGNMENT

7. Rule 3 of the Federal Rules of Civil Procedure and Local Rule 3-2 authorize assignment of this lawsuit to the San Francisco division of this Court because a substantial part of the events and/or omissions giving rise to Plaintiff's claims occurred in San Mateo County, a county served by this division.

## PARTIES AND PROCEDURE

8. Plaintiff, DOE, a minor, a resident of the State of California, is represented in this action, pursuant to Federal Rule of Civil Procedure 17(c), by Felipe Rodriguez, his guardian ad litem.

9. Defendant COUNTY OF SAN MATEO is a public entity duly organized and existing under the laws and Constitution of the State of California. Under its authority, Defendant County of San Mateo owns, operates, manages, directs, and controls the San Mateo County Probation Department, and the San Mateo County Juvenile Detention Facility, and is and was at all relevant times herein responsible for the actions and/or inactions and the policies, procedures, and practices/customs of the Juvenile Detention Facility, and is and was responsible for ensuring the provision of protection, services, and medical care of its juvenile wards. County of San Mateo employs and/or is responsible for Doe Defendants 1-50 ("Doe Defendants") in this action acting within the course and scope of that employment.

10. Defendant LARRY SILVER, is and was at all times material herein the San Mateo County Juvenile Detention Facility Manager, and was acting within the course and scope of that employment under color of the laws, statutes, ordinances, regulations, customs and usage of the State of California, the County of San Mateo. In that capacity, Defendant Silver is and was charged with the administration of the San Mateo Juvenile Detention Facility. Defendant Silver also is and was responsible for the promulgation of the policies and procedures and allowance of the practices/customs pursuant to which the acts of the San Mateo County Juvenile Detention Facility herein alleged were committed. He is sued in his individual and official capacities.

11. The true names and capacities of other Defendants sued as Does 1-50 are presently unknown to Plaintiff, who therefore sues these Defendants by such fictitious names, and Plaintiff will seek leave to amend this complaint to show their true names and capacities when the same are ascertained. Each Doe Defendant was an employee or agent of the County of San Mateo at the time of the conduct alleged herein, and at all material times acted within the

course and scope of that relationship. Plaintiff is informed and believes and thereon alleges that each of the Doe Defendants was deliberately indifferent to Plaintiff's housing assignment, his medical needs and his safety, failed to provide necessary medical and psychiatric or psychological care to him or take other measures to prevent him from being sexually abused and physically attacked, violated his civil rights, wrongfully caused his injuries, and/or encouraged, directed, enabled, and/or ordered the events that led to Plaintiff being sexually abused, physically attacked, injured, and ignored. Plaintiff further alleges that each Doe Defendant violated Plaintiff's Fourteenth Amendment rights. Plaintiff alleges that each Doe Defendant was responsible for the hiring, screening, training, retention, supervision, discipline, counseling, and control of medical, mental health, and juvenile custody employees and/or agents involved in the conduct alleged herein.

12. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants sued herein was at all material times an agent, servant, employee, partner, joint venture, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

13. Plaintiff is informed and believes, and thereon alleges, that at all material times, each Defendant sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, resulting in the deprivation of Plaintiff's constitutional rights and proximately causing substantial injuries and damages to Plaintiff.

14. Plaintiff is informed and believes, and thereon alleges, that at all material times, each Defendant sued herein was jointly engaged in tortious activity, and an integral participant in the conduct described herein including but not limited to the wrongful classification of minors in

San Mateo County Juvenile Detention Facility, wrongful assessment of Christian Richardson and of Plaintiff, and the resulting deprivation of Plaintiff's constitutional rights and other harm.

15. The acts and omissions of all individual Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices and procedures of the Defendant County of San Mateo.

16. Plaintiff brings these claims as Private Attorney General, to vindicate not only his own rights, but also the civil rights of other individuals.

## EXHAUSTION OF PRE-LAWSUIT PROCEDURES FOR STATE LAW CLAIMS

17. Plaintiff herein timely and properly filed tort claims against San Mateo County pursuant to Cal. Gov't. Code § 910 *et seq.* on June 1, 2015. Said government claims were rejected by letter dated July 8, 2015. This action is timely filed within all applicable statutes of limitation.

## GENERAL ALLEGATIONS

18. Plaintiff re-alleges each and every paragraph in this complaint as if fully set forth here.

**I.  Placement In San Mateo County Juvenile Detention Facility.**

19. On November 11, 2014, Plaintiff was taken into custody and housed under the care and supervision of County of San Mateo and under the care and supervision of Larry Silver, Facility Manager, and under the care and supervision of Juvenile Detention Facility and/or County of San Mateo employees Does 1-50.

20. Defendants had custody and control of Plaintiff, their juvenile ward, at all times material herein, thereby creating a special relationship with Plaintiff and a duty of reasonable care to protect Plaintiff's safety and well-being.

21. Defendants negligently placed Plaintiff in a cell with Christian Richardson, a juvenile ward who had a well-known history of violence toward others including wards of the San Mateo County Juvenile Detention Facility, and who had been barred from various activities including the institution school.

22. Defendants placed Plaintiff in a cell with Christian Richardson in violation of placement rules, regulations, standards, and the Court's instructions.

23. Christian Richardson was awaiting trial on another in-custody assault at the time, and Defendants breached their duty to segregate him from other juvenile wards.

**II.   Sexual Abuse and Failure to Detect and Prevent.**

24. While wrongfully housed in the cell with Christian Richardson, on or about December 3, 2014, Plaintiff was beaten, kicked, and sexually abused and raped by Christian Richardson.

25. Plaintiff was still being assaulted on the floor when Doe Defendant staff conducted a curfew check for juvenile wards to be in bed. Christian Richardson threatened Plaintiff to be quiet. Doe Defendant staff asked Plaintiff what he was doing on the floor, and while under the duress of fear and intimidation, and injured, Plaintiff said he was doing pushups, and that was the extent of the inquiry. Doe Defendant staff was deliberately indifferent to Plaintiff's welfare, did not tell Plaintiff to get into bed as was the rule, did not observe Plaintiff doing a pushup, and did not supervise Plaintiff to determine if Plaintiff had the ability to get up and get into bed or whether he was being intimidated.

26. Christian Richardson threatened to kill Plaintiff and his family if Plaintiff told anyone about the sexual abuse; and while under the duress of fear and intimidation, Plaintiff did not tell anyone at that time.

27. On the morning following the first sexual assault and battery, Plaintiff had visible bruises about his face and head from the beating. With deliberate indifference, Doe Defendant staff observed Plaintiff but did nothing to investigate or to determine his medical condition or what caused his injuries, or to notify his parent that he had been injured.

28. While housed in the cell with Christian Richardson on or about December 5, 2014, Plaintiff was again attacked, beaten, sexually abused, and raped by Christian Richardson. Again, while under the duress of fear and intimidation, Plaintiff did not tell anyone at that time.

29. On the morning following the second sexual abuse and rape, Plaintiff had more

1 facial and physical injuries and worked directly under the supervision of Doe Defendant staff in the kitchen.  With deliberate indifference, Doe Defendant staff did nothing to investigate or determine the extent of Plaintiff's injuries or the cause of the injuries, and did not offer medical treatment or notify his parent that he had been injured.

30. Plaintiff is informed and believes and thereon alleges that Defendant Christian Richardson has pled guilty as an adult for his crimes against Plaintiff.

### III. Harmful Investigation and Further Emotional Distress.

31. When Plaintiff's father arrived for a scheduled visit the day after the second sexual abuse and assault and battery, Plaintiff's father immediately saw Plaintiff's injuries from a distance across a room, and, when he asked, Plaintiff stated what had happened.  Plaintiff's father immediately called for Doe Defendant staff to obtain medical help for Plaintiff and to investigate.

32. Doe Defendant staff immediately became accusatory toward Plaintiff, questioning him about consent and why he had not reported anything if he was actually assaulted.  Such abusive questioning of Plaintiff while Plaintiff was vulnerable to the control of Doe Defendant staff only stopped when Plaintiff's father demanded that such questioning stop and that staff obtain medical help for Plaintiff.  The conduct of Doe Defendant staff violated California Corrections Standards and violated the PREA standards for detection and prevention of sexual abuse, assault and rape in the juvenile detention facility.

33. With deliberate indifference, Defendants failed to properly investigate noticeable injuries sustained by Plaintiff during the first sexual assault and battery and failed to prevent the second sexual assault and battery and further injuries which were preventable.

34. With deliberate indifference, Defendants inflicted further emotional injury upon Plaintiff using unlawful, improper, and harmful investigative and interview methods contrary to PREA standards.

### IV. Medical/Psychological Services Denied.

35. Plaintiff sustained significant injury, required medical care that was initially

delayed, and is in need of psychological counseling as a result of Defendants' misconduct.

36. Plaintiff has made requests for follow up psychological treatment and is entitled to secure services from an independent rape crisis center and counseling near his residence, which Defendants have delayed, failed and refused to provide.

**V.  Allegations of Actions and Omissions.**

37. Each Defendant either knew he/it was violating Plaintiff's rights, negligently denied Plaintiff his rights, or was deliberately indifferent to his rights.

38. The actions and omissions of Defendants violated Plaintiff's constitutional rights.

39. The actions and omissions of each Defendant were done with actual malice, were grossly negligent, objectively unreasonable, intentional, wanton and/or willful, conscience shocking, reckless, malicious, and/or deliberately indifferent to laws and Plaintiff's rights.

40. Defendants knew or should have known that Plaintiff was just fourteen years old and would be particularly vulnerable to sexual attack by other juvenile wards.

41. Defendants knew or should have known that Plaintiff, a fourteen-year old boy, should not have been housed with another juvenile ward. Defendants knew or should have known that Plaintiff should not have been housed with Christian Richardson specifically, given Richardson's well-known history of violence toward others including wards; a fact which Defendants recklessly disregarded with deliberate indifference although it presented a very real threat and foreseeable risk of substantial injury to Plaintiff.

42. Defendants knew or should have known that it was unsafe for Plaintiff to be housed with Christian Richardson, failed to use reasonable care to protect Plaintiff and were deliberately indifferent to the health, safety, and welfare of Plaintiff, to Prison Rape Elimination Act standards for detection and prevention of rape, and to California Corrections Standard Authority.

43. Defendants had actual and/or constructive notice of the dangerous condition of the cell created by the presence of a known violent juvenile ward, and Defendants had sufficient time and resources to accommodate Plaintiff in a cell away from that danger.

**VI.     Injuries and Damages.**

44.     As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiff sustained physical injuries including but not limited to sexual abuse, rape, soft tissue injuries, cuts, bruises, and lacerations requiring medical and psychological treatment, pain and suffering, including emotional distress; and all damages and penalties recoverable under 42 U.S.C. §§ 1983, 1988; California Code of Civil Procedure §1021.5; and as otherwise allowed under California and United States statutes, codes, and common law.

45.     By the actions and omissions described herein, Defendants violated 42 U.S.C. §1983, depriving Plaintiff of the following clearly established and well-settled constitutional rights protected by the Fourteenth Amendment to the U.S. Constitution, as well as other state rights and protections:

  a.     The right to procedural and substantive due process as secured by the Fourteenth Amendment;

  b.     The right against cruel and unusual punishment as secured by the Fourteenth Amendment;

  c.     The right to not be deprived of liberty without due process as secured by the Fourteenth Amendment;

  d.     The right to be secure in his person as secured by the Fourteenth Amendment.

46.     As a direct and proximate result of Defendants' acts and/or omissions as set forth herein, Plaintiff sustained injuries and damages as set forth above.

47.     The conduct of Defendants entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. §1988 and applicable California law.

48.     The relief which Plaintiff seeks relates to important rights affecting the public interest. In the interest of justice, attorneys' fees and costs of litigation should be awarded to Plaintiff pursuant to 42 U.S.C. § 1988 and California Code of Civil Procedure §1021.5.

# CLAIMS FOR RELIEF

## COUNT ONE

### 42 U.S.C. §1983

**Against County of San Mateo, Larry Silver, and Does 1-50**

**for Failure to Protect from Harm; Deliberate Indifference**

**to Plaintiff's Rights and Defendants' Duties.**

49. Plaintiff re-alleges each and every paragraph in this complaint as if fully set forth here.

50. Each Defendant could have taken action to prevent unnecessary harm to Plaintiff, but refused or failed to do so.

51. Defendants breached a duty to Plaintiff to implement minimally necessary policies, procedures, and practices concerning the adequate screening, classifying and placement of Plaintiff in the San Mateo County Juvenile Detention Facility.

52. Defendants breached a duty to Plaintiff to implement minimally sufficient policies, procedures, and practices to protect Plaintiff from harm in the County Juvenile Detention Facility.

53. Defendants failed to appropriately train and supervise staff regarding screening, classifying, placement, and the protection of minors, including Plaintiff, in the County Juvenile Detention Facility.

54. Defendants breached a duty to Plaintiff to protect Plaintiff from Christian Richardson and placed Plaintiff in a cell where Plaintiff could not evade Christian Richardson, in a cell where Plaintiff was outsized by Christian Richardson, in a cell where Plaintiff was alone and unsupervised with Christian Richardson, in a cell where he was significantly harmed by Christian Richardson, sexually abused, raped, assaulted and beaten, intimidated, threatened, and under significant emotional duress.

55. Defendants knew or should have known that Plaintiff should not have been placed with Christian Richardson given the violent criminal history of Christian Richardson, and with

Christian Richardson's previous in-custody assaults against other wards. Defendants were negligent and deliberately indifferent to the safety and protection of Plaintiff when Plaintiff was put into the cell with Christian Richardson.

56. Defendants' acts and/or omissions as alleged herein, including but not limited to failure to house Christian Richardson and Plaintiff separately, failure to protect Plaintiff from harm, failure to identify the risk of rape, failure to detect that two separate rapes had occurred, failure to detect that two separate beatings had occurred, and their failure to take appropriate investigative measures when Plaintiff was found on the floor after curfew, their failure to identify that emotional, psychological, and medical treatment was necessary, and their failure to properly conduct rape crisis intervention, to investigate Plaintiff's injuries, and failure to properly deliver medical and psychological treatment, constitute deliberate indifference to Plaintiff's health, welfare, and safety.

57. As a direct and proximate result of Defendants' conduct, Plaintiff has experienced and will continue to experience physical pain, severe emotional distress, mental anguish, and damages as alleged herein.

58. The aforementioned acts of Defendants were willful, wanton, malicious, and oppressive, thereby justifying an award to Plaintiff of exemplary and punitive damages to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## COUNT TWO
### 42 U.S.C. §1983
**Against County of San Mateo, Larry Silver, and Does 1-50**
**for Failure to Supervise**

59. Plaintiff re-alleges each and every paragraph in this complaint as if fully set forth here.

60. Defendants had a duty to hire, supervise, train, and retain employees and/or agents so that employees and/or agents refrain from the conduct and/or omissions alleged herein.

61. Defendants breached this duty, causing the conduct alleged herein.

62. The aforementioned acts of Defendants were committed within the course and scope of their employment.

63. By the actions and omissions described herein, Defendants and Does 1-50, directly or jointly, negligently and/or knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights, failed to act on available information, to instruct, supervise, control and discipline on a continuing basis Defendants in their duties to refrain from (1) deliberate indifference to the plight of the Plaintiff; (2) a breach of duty to follow and enforce standards set forth in the Prison Rape Elimination Act; (3) a breach of duty to follow and enforce California Corrections Standards; (4) a breach of duty to prevent harm to Plaintiff; and (5) or otherwise deprive Plaintiff of his constitutional and statutory rights, privileges, and immunities.

64. Defendants breached a duty to appropriately train and supervise staff regarding the screening, classifying, and placement of minors detained and confined in the San Mateo County Juvenile Detention Facility and were deliberately indifferent to screening, classifying, and placement standards with regard to Plaintiff.

65. Defendants and County of San Mateo had knowledge of prior harmful acts committed by Christian Richardson in the Juvenile Detention Facility, or had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have known of harmful acts committed as alleged, and could have prevented the harm to Plaintiff.

66. Defendants and County of San Mateo had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights, failed or refused to do so.

67. Defendants and County of San Mateo, directly or indirectly, under color of the laws, statutes, ordinances, regulations, customs and usage of the State of California, and the County of San Mateo, approved or ratified the negligent, unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants previously described, depriving Plaintiff of his

constitutional rights without due process of law and deprived him of equal protection of the laws, in violation of the Fourteenth Amendment of the Constitution of the United States and 42 U.S.C. §1983.

68. As a direct and proximate result of Defendants' conduct, Plaintiff suffered injuries and damages as alleged herein.

## COUNT THREE

### 42 U.S.C. §1983 (*Monell*)—Supervisory Liability

### Plaintiff Against County of San Mateo, Larry Silver, and Does 1-50

69. Plaintiff re-alleges each and every paragraph in this complaint as if fully set forth here.

70. On information and belief, the unconstitutional actions and/or omissions of Defendants, were pursuant to the following customs, policies, practices, and/or procedures of the County of San Mateo, which were directed, encouraged, allowed, and/or ratified by policy making officers for the County of San Mateo:

   a. To inappropriately assess and house a vulnerable minor, charged with a first offense;

   b. To act in deliberate indifference to the welfare of Plaintiff;

   c. To fail to use appropriate and generally accepted policies, procedures, and training in the detection, prevention, and investigation of rape;

   d. To fail to provide emotional support, crisis intervention, information, and referrals following an in-custody rape;

   e. To fail to institute, require, and enforce necessary, appropriate and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and practices and procedures described in this Complaint and in the paragraphs immediately above with deliberate indifference to the rights and safety of Plaintiff and the public, and in the face of an obvious need for such policies, procedures, and training programs;

   f. To use or tolerate inadequate, deficient, and improper procedures for handling,

investigating, and reviewing complaints of staff misconduct.

   i.   by failing to properly assess the emotional level and cognitive development of the respective wards of the San Mateo County Juvenile Detention Facility;

   ii.  by failing to properly assess the physical maturity of the respective wards of the San Mateo County Juvenile Detention Facility;

   iii. by failing to properly assess prior abusive behavior of Christian Richardson;

   iv.  by failing to provide adequate care.

71.  Defendants failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline staff, with deliberate indifference to Plaintiff's constitutional rights, which were thereby violated as described above.

72.  The design and operation of the County of San Mateo juvenile detention facility itself constitutes a formal County of San Mateo policy.  The County of San Mateo was deliberately indifferent to the harm that befell Plaintiff as a result of that formal policy.

73.  Defendants had actual knowledge that the design and operation of the County of San Mateo juvenile detention facility posed substantial risk of serious harm to newly admitted wards such as Plaintiff.

74.  Defendants had actual knowledge that the design and operation of the County of San Mateo juvenile detention facility violated statutes specifically designed to protect wards from the type of harm suffered by Plaintiff, including but not limited to the Prison Rape Elimination Act National Standards (codified at 28 C.F.R., Ch. I, Pt. 15) the California Corrections Standards, §§ 2636, 2637, 2638, and 2639 of the California Penal Code, and §§ 223 and 224.71 of the California Welfare and Institutions Code.

75.  Defendants had actual knowledge of past incidents involving the type of harm suffered by Plaintiff.

76.  The unconstitutional actions and/or omissions of Defendants, as described above, were approved, tolerated and/or ratified by policy-making officers for the County of San Mateo. Plaintiff is informed and believes, and thereupon alleges, that the details of this incident have

been revealed to the policy makers within the County of San Mateo, and Plaintiff is further informed and believes, and thereupon alleges, that such policy makers have direct knowledge of the facts of this incident.  Notwithstanding this knowledge, the authorized policy makers within the County of San Mateo, have approved of the conduct of Defendants, and have made a deliberate choice to endorse the decisions of those defendants and Doe Defendants and the basis for those decisions.  By doing so, the authorized policy makers of the County of San Mateo have shown affirmative agreement with each individual Defendant and Doe Defendant's actions, and have ratified the unconstitutional acts of the individual Defendant and Doe Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. For compensatory, general and special damages against each Defendant, jointly and severally, in an amount to be proven at trial;

b. For damages related to deprivation of the parent/child relationship between Plaintiff and his father and family;

c. General damages, including damages for physical and emotional pain, emotional distress, hardship, fearful intimidation, duress, suffering, shock, worry, anxiety, sleeplessness, illness, trauma and suffering;

d. Prejudgment interest;

e. For punitive and exemplary damages against each individually named Defendant in an amount appropriate to punish Defendant(s) and deter others from engaging in similar misconduct;

f. For costs of suit and reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and as otherwise authorized by statute or law;

g. For restitution as the Court deems just and proper;

h. For such other further relief, including injunctive and/or declaratory relief, as the Court may deem proper.

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury in this action.

Dated:  December 1, 2015

                LAW OFFICES OF VINCENT P. HURLEY
                A Professional Corporation

                By:  _____/s/_____
                         VINCENT P. HURLEY
                Attorneys for Plaintiff DOE, a minor, by and through his Guardian Ad Litem FELIPE RODRIGUEZ.